RODGERS, Justice:
This is an appeal from a decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi, dismissing an original bill seeking an injunction against the appellees, Eugene Mardis and Willie Ethelean Mardis, to prevent then from using a strip of land across the property of the appellant, Harry D. Helman. The appellant deraigned title to the land here involved and set forth the fact that the easement here involved was granted by a written instrument dated January 20, 1928, from Mr. and Mrs. B. I. Fulmer to their son, J. B. Fulmer. The instrument specifically described a strip of land across the property of grantors for use of the grantee, “his heirs and assigns (to have) full and free right and liberty for him and them, his or their tenants, servants and licensees in common with all other persons having the right at all times hereafter, the use and enjoyment of an easement over and across the driveway situated on the south end of the servient estate.” The easement further provided: “Said easement to be used for all purposes connected with the use and enjoyment of said *127 Grantee’s premises as a private dwelling house to hold the said easement hereby granted unto said Grantee and his assigns as appurtenant to the said dwelling house and grounds.’’
It is agreed by stipulation that the dwelling house mentioned in the easement has not been used as a dwelling house for at least nineteen (19) years. The stipulation shows that Dr. Warren Dilworth used the “dwelling house” as his medical office from 1949 until 1963. Dr. James R. Cav-ett, Jr., and Dr. Thomas E. Stevens used the “dwelling house” from 1963 until 1968. It is agreed that the defendants have used the “dominant tenement as a beauty parlor in the front of the building and used the rear of said building as their private dwelling house.”
After the chancellor announced his decision to dismiss the original bill of complaint, the defendants moved the court to dismiss their cross bill in which they sought a permanent injunction against the complainant, Harry D. Helman, to prevent him from interfering with the use of their assigned easement. Whereupon, the chancellor dismissed the cross bill. The chancellor found as a fact that the grantee and his assigns had used the property described in the easement continuously since the creation of the easement and that there had been no abandonment of the easement “throughout the years” and no additional burden had been placed on the easement.
The owners of the property made no objection to the use of the dominant tenement as a medical office for a period of approximately nineteen (19) years. If the dominant tenement were inconsistent with the terms of the original easement — “as a private dwelling house” — the inaction and acquiescence of the complaint’s predecessors in title have barred a forfeiture of the easement because of the doctrine of laches.
Justice Griffith, in his work on Mississippi Chancery Practice, 2d Ed. § 33 (1950), had this to say about the doctrine of laches:
“The doctrine of laches, although resembling limitations, is not based upon, nor bound by, any express statute of limitations. It is a rule peculiar to and inherent in courts of equity; and it applies where it would be practically unjust to give a remedy, either because the applicant has by his conduct done that which might be fairly regarded as equivalent to a waiver of his remedy, or where by his conduct and neglect he has, though perhaps not waiving that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy were to be afterwards asserted. A long or protracted delay in the prosecution of rights is presumed to have produced the situation last mentioned and equity looks with so little favor upon such prosecutions that it will not entertain them, although no express statute of limitations is available, — unless facts are shown which will rebut the presumption of injustice arising out of the apparently undue delay, or which will excuse the same.”
In the case of Twin States Realty Co. v. Kilpatrick, 199 Miss. 545, 26 So.2d 356 (1946), this Court, in discussing similar restrictions in a conveyance that property be used for residential purposes, but where the property was used for a gift shop and tea room for six years without complaint from the grantor, held the action was barred by laches. The Court said:
“* * * ‘[A] condition or limitation in a deed restricting or limiting to particular uses the property conveyed may be waived or abandoned by the subsequent conduct of the grantor so that a *128 court of equity will not interfere to prevent its violations,’ from which it follows that a complainant seeking equitable relief against the violation of such a restriction must act with reasonable promptitude upon the discovery of the ground for complaint, as otherwise his laches may bar his right to relief.” (199 Miss, at 553, 26 So.2d at 358)
We have reached the conclusion that the chancellor was correct in dismissing the original bill and cross bill under the stipulated facts in this case. The decree of the chancery court in the foregoing cause of action should be, and is hereby, affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and SMITH, JJ., concur.